UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RANDALL BATINKOFF,** | ) Case No. |
| Plaintiff, | ) Hon. |
| v. | ) **COMPLAINT FOR PATENT INFRINGEMENT** |
| **CHURCH & DWIGHT CO., INC. and MARK H. KRESS** | ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) |

Plaintiff Randall Batinkoff for his Complaint against Defendants Church & Dwight Co., Inc. and Mark H. Kress hereby alleges as follows.

## PARTIES

1. Plaintiff Randall Batinkoff is an individual having residence at 1413 Ashland Ave, Santa Monica, CA 90405.

2. Upon information and belief, Defendant Church & Dwight Co., Inc. is a Delaware corporation having a place of business located at 500 Charles Ewing Blvd, Trenton, NJ 08628.

3. Upon information and belief, Defendant Mark H. Kress is an individual residing at 1814 N. Doheny Dr., Los Angeles, CA 90069.

## JURISDICTION AND VENUE

4. This cause of action arises under the Patent Laws of the United States, 35 U.S.C. §101 et. seq. and seeks damages and injunctive relief as provided in 35 U.S.C. §§281 and 283-285.

5. Jurisdiction of the subject matter of this action is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a) as Defendants have regularly conducted business in this judicial district and has committed and is continuing to commit acts of patent infringement, by making, using, selling or offering hair fiber applicators that infringe Plaintiff's patent.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b).

7. This Court has personal jurisdiction over each of the Defendants by virtue of the fact that, *inter alia*, each defendant has committed, abetted, contributed and/or participated in the commission of a tortious act of patent infringement that has led to the foreseeable harm and injury to Plaintiff Randall Batinkoff. This Court has personal jurisdiction over each of the Defendants for the additional reasons set forth above and below and for other reasons that will be presented to the court if jurisdiction is challenged.

8. Upon information and belief, Defendants transact or transacted business within this district, derive substantial revenues from intra-state and inter-state commerce and have committed tortious acts of patent infringement within this district and also without this district having injurious consequences within this district, and Defendants are otherwise within the jurisdiction of this court.

9. In particular, Defendants are selling into and/or using in this district a product that infringes upon at least claim 1 of Plaintiff's United States Patent No. 7,841,494, as is more thoroughly described below, and/or are actively doing business in this district and thereby are, and have been, regularly availing themselves of the benefits of doing business in this district.

10. The Court has personal jurisdiction over Defendant Church & Dwight Co., Inc.

11. The Court has personal jurisdiction over Defendant Mark H. Kress.

## NATURE OF THE ACTION

12. This is a civil action for the infringement of U.S. Patent No. 7,841,494 ("the '494 patent").

## THE PATENT

13. On November 30, 2010, the '494 patent, titled "Pump Dispenser" was duly and legally issued to Randall Batinkoff as the assignee. Since that time, Randall Batinkoff solely owned all rights, title and interest in and to the '494 patent, including the right to sue and recover for any infringement of that patent. The '494 patent is attached herewith as **Exhibit A**.

## ACTS GIVING RISE TO THIS ACTION

### COUNT I ~ DIRECT INFRINGEMENT OF THE '494 PATENT BY CHURCH & DWIGHT

14. Plaintiff realleges paragraphs 1-13 as if fully set forth herein.

15. Upon information and belief, Church & Dwight Co., Inc. is a manufacturer and seller in the personal care field.

16. Upon information and belief, Defendant Church & Dwight Co., Inc. operates a website named Topikk where it sells hair fibers and applicators for hair fibers.

17. Topikk sells a hair fiber applicator that infringes claim 1 of the '494 patent.

18. Toppik sells hair fiber applicators that includes a pump cap for dispensing a cosmetic media from a receptacle, the receptacle having a base and an outer upright peripheral wall extending from the base to define a receptacle chamber for the cosmetic media, the upright peripheral wall terminating in an open end.

19. Toppik sells hair fiber applicators that include closure including a top wall which terminates in a downward depending peripheral wall,

20. Topikk sells hair fiber applicators that include said closure receiving the open end of the receptacle adjacent said bottom side of said top wall of the closure and within the depending peripheral wall.

21. Toppik sells hair fiber applicators that includes a deformable dome secured to said top wall of the closure to provide an air-tight dome chamber between said deformable dome and said top wall of said closure.

22. Toppik sells hair fiber applicators that include an air pump tube for providing airflow from said dome chamber to the open top end of the receptacle when said deformable dome is compressed.

23. Toppik sells hair fiber applicators that include said air pump tube having a top end located in the dome chamber and a bottom end located in the receptacle chamber, said top end being flared out.

24. Toppik sells hair fiber applicators that include an air intake tube comprising a first air intake chamber running in a direction substantially parallel to the top wall of the closure and communicating with said peripheral wall of said closure.

25. Toppik sells hair fiber applicators that include a second air intake chamber communicating with said first air intake chamber and with said dome chamber, said second air inlet chamber being disposed perpendicularly to said first air inlet chamber.

26. Topikk sells hair fiber applicators that include being in communication with said first inlet chamber and said dome chamber.

27. Toppikk sells hair fiber applicators that include said air intake tube providing airflow from outside the dispenser to said dome chamber when deformable dome is released from a compressed to a non-compressed state.

28. Topikk sells hair fiber applicators that include an outlet chamber for dispensing cosmetic media from the receptacle.

29. Topikk sells hair fiber applicators that include said outlet chamber communicating between a media outlet opening on the peripheral wall of said closure.

30. Topikk sells hair fiber applicators that include said receptacle chamber media opening being flush against the bottom side of the top wall of the closure.

31. Topikk sells hair fiber applicators that include such that the dispenser can be held in one hand and cosmetic media may be dispensed by successively compressing and releasing said deforming dome.

32. Upon information and belief, Defendant Church & Dwight Co., Inc. had full knowledge of the patent rights of Plaintiff in the '494 patent prior to their commencement of design, production, marketing, sales, leasing, distribution and/or use of their hair fiber applicator which infringe at least one claim of the '494 patent.

33. All of the acts of the Defendant Church & Dwight Co., Inc. are without the permission, license or consent of the Plaintiff and, if allowed to continue, will cause irreparable injury to Plaintiff, unless enjoined by the Court.

34. Defendant Church & Dwight Co., Inc. have been unjustly enriched and Plaintiff is entitled to an accounting and award of damages, interest, attorneys' fees and costs.

35. Defendant' acts of infringement have been willful, wanton and exceptional, thereby subjecting Defendants to awards of enhanced damages under 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of attorneys' fees pursuant to 35 U.S.C. §285.

36. Defendants' foregoing activities have damaged the Plaintiff in an amount as yet unknown, but if Defendants' foregoing activities continue, Plaintiff believes damages will exceed the sum of at least $25,000,000, but will likely be higher.

**COUNT II ~ DIRECT INFRINGEMENT OF THE '494 PATENT BY MARK H. KRESS**

37. Plaintiff realleges paragraphs 1-13 as if fully set forth herein.

38. Upon information and belief, Defendant Mark H. Kress has been the principal of Spenser Forrest of the Topikk website until it had been sold to Church & Dwight Co., Inc.

39. Upon information and belief, Defendant Mark H. Kress and Spenser Forest operated the Topikk website during the term of the '794 patent.

40. Topikk sold a hair fiber applicator that infringes claim 1 of the '494 patent.

41. Toppik sold hair fiber applicators that include a pump cap for dispensing a cosmetic media from a receptacle, the receptacle having a base and an outer upright peripheral wall extending from the base to define a receptacle chamber for the cosmetic media, the upright peripheral wall terminating in an open end.

42. Toppik sold hair fiber applicators that include closure including a top wall which terminates in a downward depending peripheral wall,

43. Topikk sold hair fiber applicators that include said closure receiving the open end of the receptacle adjacent said bottom side of said top wall of the closure and within the depending peripheral wall.

44. Toppik sold hair fiber applicators that include a deformable dome secured to said top wall of the closure to provide an air-tight dome chamber between said deformable dome and said top wall of said closure.

45. Toppik sold hair fiber applicators that include an air pump tube for providing airflow from said dome chamber to the open top end of the receptacle when said deformable dome is compressed.

46. Toppik sold hair fiber applicators that include said air pump tube having a top end located in the dome chamber and a bottom end located in the receptacle chamber, said top end being flared out.

47. Toppik sold hair fiber applicators that include an air intake tube comprising a first air intake chamber running in a direction substantially parallel to the top wall of the closure and communicating with said peripheral wall of said closure.

48. Toppik sold hair fiber applicators that includes a second air intake chamber communicating with said first air intake chamber and with said dome chamber, said second air inlet chamber being disposed perpendicularly to said first air inlet chamber.

49. Topikk sold hair fiber applicators that include being in communication with said first inlet chamber and said dome chamber.

50. Toppikk sold hair fiber applicators that include said air intake tube providing airflow from outside the dispenser to said dome chamber when deformable dome is released from a compressed to a non-compressed state.

51. Topikk sold hair fiber applicators that includes an outlet chamber for dispensing cosmetic media from the receptacle.

52. Topikk sold hair fiber applicators that include said outlet chamber communicating between a media outlet opening on the peripheral wall of said closure.

53. Topikk sold hair fiber applicators that include said receptacle chamber media opening being flush against the bottom side of the top wall of the closure.

54. Topikk sold hair fiber applicators that include such that the dispenser can be held in one hand and cosmetic media may be dispensed by successively compressing and releasing said deforming dome.

55. Upon information and belief, Defendant Mark H. Kress had full knowledge of the patent rights of Plaintiff in the '494 patent prior to their commencement of design, production, marketing, sales, leasing, distribution and/or use of their hair fiber applicator which infringe at least one claim of the '494 patent.

56. All of the acts of the Defendant Mark H. Kress are without the permission, license or consent of the Plaintiff and, if allowed to continue, will cause irreparable injury to Plaintiff, unless enjoined by the Court.

57. Defendant Mark H. Kress have been unjustly enriched and Plaintiff is entitled to an accounting and award of damages, interest, attorneys' fees and costs.

58. Defendant' acts of infringement have been willful, wanton and exceptional, thereby subjecting Defendants to awards of enhanced damages under 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of attorneys' fees pursuant to 35 U.S.C. §285.

59. Defendant' foregoing activities have damaged the Plaintiff in an amount as yet unknown, but if Defendants' foregoing activities continue, Plaintiff believes damages will exceed the sum of at least $25,000,000, but will likely be higher.

**PRAYER FOR RELIEF**

WHEREFORE, Randall Batinkoff requests that:

  A. A judgment be entered that Defendants Church & Dwight Co., Inc. and Mark H. Kress, jointly and separately, have infringed the '494 patent by selling hair fibers applicators that infringes at least claim 1 of the '494 patent; and that such infringement is, and was, willful;

  B. An Order be issued that Church & Dwight Co., Inc. and Mark H. Kress, their officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling the hair fiber applicators that infringe at least one claims of the '494 patent;

  C. An accounting and award for damages, interest, attorneys' fees pursuant to 35 U.S.C. §285 or other applicable law and costs of this action;

  D. An award of treble damages for Defendants' willful infringement of Plaintiff's patents pursuant to 35 U.S.C. §284.

  E. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 21, 2018

    s/Edward D. Pergament
    Edward D. Pergament
    Pergament & Cepeda LLP
    Attorneys for Plaintiff
    84 Headquarters Plaza, Suite 1465
    Morristown, NJ 07960
    (973) 998-7722
    epergament@pergamentcepeda.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

                                                Respectfully submitted,

Dated: November 21, 2018                s/Edward D. Pergament
                                                Edward D. Pergament
                                                Pergament & Cepeda LLP
                                                Attorneys for Plaintiff
                                                84 Headquarters Plaza, Suite 1465
                                                Morristown, NJ 07960
                                                (973) 998-7722
                                                epergament@pergamentcepeda.com